## LENA MOEN v. ENOC A. OLSON AND CHRISTINA OLSON.[1]

December 16, 1921.

No. 22,524.

**Verdict not excessive.**

1. A verdict for $400 in a personal injury action cannot be held so excessive as to indicate that the jury acted under the influence of passion or prejudice, where there is evidence that plaintiff received wounds that confined her to her bed for four or five weeks and that after more than a year's time she continues to suffer pain.

**Questions for jury.**

2. The issues of plaintiff's contributory negligence and defendants' negligence were properly left to the jury's determination.

Action in the district court for Beltrami county to recover $5,000 for injuries resulting from defendant's careless driving of his automobile. The case was tried before Stanton, J., who when plaintiff rested denied defendants' motion for a directed verdict, and a jury which returned a verdict for $400. From an order denying their motion for judgment notwithstanding the verdict or a new trial, defendants appealed. Affirmed.

*Charles W. Scrutchin,* for appellants.

*John L. Brown,* for respondent.

HOLT, J.

The appeal is by defendants from the order denying their motion in

1Reported in 185 N. W. 940.

the alternative for judgment notwithstanding the verdict or for a new trial.

As plaintiff was about in the center of a block on the westerly sidewalk of Bemidji avenue in Bemidji, Minnesota, she noticed a Mrs. Evert coming, driving south in an automobile. She hailed her. Mrs. Evert stopped, the car being about 15 feet from the westerly curb of the street. Plaintiff stepped out to ask for a ride. She came within three feet of Mrs. Evert, and, when informed that the latter was not intending to drive in the desired direction, turned to go back to the sidewalk. At that moment defendants in an automobile approached behind Mrs. Evert, and, passing between her car and the sidewalk, struck plaintiff, inflicting injuries for which she recovered a verdict of $400.

We cannot hold that the size of the verdict indicates that the jury were under the influence of passion or prejudice. Plaintiff received two wounds on her neck and head, which bled profusely; she was stunned or unconscious for a short time and was confined to her bed for five or six weeks. She testified that previous to this occurrence she was healthy and free from aches, but that since and up to the trial, over a year after, she feels pain in the back and head. The learned trial court below, who had the advantage of observing plaintiff, did not consider her recovery excessive, and the record does not justify this court in reaching a different conclusion.

It is further contended that the court erred in refusing to direct a verdict for defendants and in denying their motion for judgment non obstante, on the ground that no actionable negligence was proven against them and that plaintiff's contributory negligence appears as a matter of law. The complaint charged that defendants carelessly and negligently drove their car to the left of Mrs. Evert's and against plaintiff. The latter's car was headed south. Defendants came up behind her. They should have passed to her left. They passed to her right, and at high speed, according to plaintiff's evidence. They had full view of plaintiff's position. There can be no question but that defendants' negligence was for the jury.

We think the same must be said in respect to the defense of con-

tributory negligence. Plaintiff testified that she looked to the north when she left the sidewalk to speak to Mrs. Evert. She tarried but a moment, and, as she turned around to go back, was struck. It is not disclosed whether in turning she faced to the north or to the south. However that may be, considering that she looked to the north and saw no automobile approaching when she stepped off the sidewalk, that she remained but a moment before she turned to go back, and that she could to some extent rely on the proposition that drivers of vehicles going south would obey the law and not pass Mrs. Evert's car to its right, we think the defense of contributory negligence was a jury question.

The order must be and is affirmed.